Ramón Morales Solá, Plaintiff and Appellant, *v.* The Federal Land Bank of Baltimore, Defendant and Appellee.

No. 7926. Argued December 20, 1939.—Decided May 24, 1940.

826

*Federico Virella* and *Carlos D. Vázquez* for appellant. *Frank Martínez, Antonio R. Barceló* and *Sebastián García Díaz* for appellee.

MR. JUSTICE WOLF delivered the opinion of the court.

In 1926 the plaintiff, Ramón Morales Solá, his wife, and children, resided in a house located on a piece of property of 34 acres belonging to them. On the 15th of May 1926, the plaintiff and his wife mortgaged the said property to the Federal Land Bank of Baltimore to secure the sum of $2,200 with interest at 6 per cent, etc. This amount was not paid at maturity and the bank proceeded to foreclose the mortgage. The case was subsequently transferred to the District Court of the United States for Puerto Rico, the property sold therein and adjudicated to the Bank in payment of its credit in the amount of $2,713. The public sale took place on the 18th of September 1936.

The present suit is for $500 which the plaintiff claims as a right of homestead. The action was brought on August 11, 1937, and the amended complaint filed on July 6, 1938. The suit was begun in the District Court of San Juan. There were various defenses, and the court holding a demurrer on November 2, 1938, rendered judgment dismissing the complaint.

The principal ground of the judgment was that the action to claim the right of homestead had prescribed by virtue of section 6 of Act No. 87 of 1936 (Session Laws, p. 460) which reads:

"In case no claim whatsoever is established before the officer in charge of the auction sale, the person entitled to the claim of homestead may institute the corresponding ordinary action within sixty (60) days after the date on which the auction was held."

On appeal the first assignment of error reads as follows:.

"First. The Honorable District Court committed error in applying to this case the provisions of Act No. 87, which came into effect on August 13, 1936, and in not deciding the case in accordance with the Act of March 13, 1903, which was in force when the mortgage contract was executed that finally resulted in the sale of the property upon which the plaintiff had his homestead."

■ The appellant's principal ground is, as we have said,. that the applicable statute is not the Act of 1936, but that of 1903. The Act of 1936 is the one now in force and the Legislature intended that it should apply to all cases where a man might have a claim of homestead. Necessarily, the vast majority of homestead rights have not reached the point of execution or claim, and this was true in 1936. Therefore, the Act of 1936, in all its terms, was for the ordinary homesteader and this whether the potentiality of the homestead already existed or was to be created thereafter.

■■ The principle is pretty clear that the period of limitation of actions may be changed at the will of the Legislature so long as a reasonable time is granted for filing a suit. *Rijos* v. *Folgueras,* 16 P.R.R. 593; *Jesús* v. *Succn. Pérez,* 18 P.R.R. 392; *Santiago* v. *Succn. Matta,* 19 P.R.R. 151; *Terry* v. *Anderson,* 95 U.S. 632. More especially section 1839 of the Civil Code (1930 ed.) provides:

"Prescriptions, which began to run before the publication of this Code, shall be governed by the prior laws; but if, after this Code became operative, all the time required in the same for prescription has elapsed, it shall be effectual, even if according to said prior laws. a longer period of time may be required."

We supported this principle in *Ortiz* v. *Succn. of Stella,* 47 P.R.R. 111 and see also *Kuinlam* v. *Meléndez,* 6 P.R.R. 231 (2nd edition) and *Terry* v. *Anderson,* 95 U.S. 628, *supra.*.

■ The second assignment reads:

"Second.—The court *a quo* erred in deciding that Section 6 of the Homestead Act which came into effect on August 13, 1936, fixes

a fatal term of 60 days to file an action to claim the homestead right, and that said term is not subject to the rules relating to interruption of prescription.''

The Act of 1936 did several things to protect the rights of homestead, but apparently abolished every other remedy except a claim of $500 if the property in question was sold in excess of that amount.

The Act of 1936 protected the right of homestead and forbade all waivers and renunciations of it. In turn and *ut finis sit litium* the Legislature fixed a period within which action should be brought.

The appellant, however, says that the period of prescription was interrupted by extra-judicial claims as was shown in the complaint. The homestead right is subject to the will of the Legislature and the limitation placed here is not varied by extra-judicial claims if they were made. We have so considered the period of prescription under the right of redemption and held that it could not be exercised after the period fixed by statute had elapsed. *Felici* v. *Ribas,* 11 P.R.R. 517. The statute is a limitation on the period of the remedy.

We have had a little more difficulty about the question of whether the sixty days mentioned in Act No. 87 was a fatal period and would totally put at rest the claim for the $500 set up in this suit. The Act of 1936 is comprehensive in its terms completely repealing the Act of 1903. It intended to cover the whole field and we discern the intention on the part of the Legislature to make the claimant of a homestead act with reasonable promptness. We are not now considering the cases where an appellant would attempt to raise the question that he was not duly notified of the sale, frauds, or other matters of exception.

The judgment appealed from should be affirmed.